UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BURBANK LANDING PROPERTIES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 15-262-EWD** |
| **84 LUMBER, INCORPORATED, ET AL.** | **CONSENT CASE** |

## ORDER

Before the Court is the Plaintiffs' Motion for Relief from Order (the "Motion"),[1] which seeks relief from this Court's June 15, 2016 Order[2] imposing a $2,500 discovery sanction upon Plaintiffs for failing to supplement their discovery responses as required by this Court's May 23, 2016 Order.[3] For the reasons set forth herein, the Motion is **GRANTED IN PART**.

**I.   Background**

On March 14, 2016, defendant Norbord Inc. ("Norbord") filed a Motion to Compel, requesting that Plaintiffs be ordered to provide complete answers to Interrogatories and Requests for Production of Documents, pursuant to Federal Rule of Civil Procedure 37.[4] At the Motion Hearing held on May 23, 2016, Plaintiffs were ordered to supplement their discovery responses to Request for Production Nos. 26, 27, 28, 38, 44 by producing: (1) the tax returns for each plaintiff from 2006 through 2015; (2) any leases and mortgages in effect when the underlying property was allegedly damaged; (3) any notifications by or to Plaintiffs regarding the alleged damage to the property; and (4) any licenses held by Plaintiffs to do business in the state (the "March 23, 2016

---

[1] R. Doc. 61.
[2] R. Doc. 55.
[3] R. Doc. 53.
[4] R. Doc. 41.

Order").[5]  Plaintiffs were given fourteen (14) days from the date of the Order to request their tax returns from the Internal Revenue Service and to provide a copy of such requests to counsel for the defendants.[6]

During a telephone status conference held on June 15, 2016, counsel for the parties confirmed that Plaintiffs had complied with the Court's May 23, 2016 Order by producing copies of Plaintiffs' tax returns and copies of the tax return requests submitted to the IRS, as well as copies of Plaintiffs' licenses to do business in the state.[7]  Counsel for Norbord also confirmed that counsel for the Plaintiffs had just informed her that he would be revising Plaintiffs' discovery responses to Request for Production No. 28, which sought documentation of notification by or to Plaintiffs of the alleged damage to the property.  However, counsel for Norbord informed the Court that Plaintiffs had not produced copies of the leases and mortgages in effect when the underlying property was allegedly damaged, as required by the Court's May 23, 2016 Order.  When counsel for the Plaintiffs was questioned about the missing documents, counsel stated that he had not received them from his clients.[8]  Because Plaintiffs failed to comply with the May 23, 2016 Order, the Court imposed a $2,500 discovery sanction on the Plaintiffs for their failure to produce the leases and mortgages requested by defendants.  The Court further warned that additional sanctions would be imposed if Plaintiffs did not supplement their discovery responses by producing the leases and mortgages within fourteen (14) days of the date of the June 15, 2016 Order.[9]

On July 18, 2016, the Court held another telephone status conference during which counsel for Norbord advised the Court that Plaintiffs had provided complete responses to its other

---

[5] R. Doc. 53.
[6] *Id*. at 3-4.
[7] R. Doc. 55 at 2.
[8] *Id*.
[9] *Id*. at 3.

discovery requests, but had still not produced copies of the mortgages in effect when the property was allegedly damaged.[10] Counsel for the Plaintiffs advised that his clients had searched and did not have these documents, but that counsel would request the documents directly from the mortgagor(s).[11] The Court ordered counsel for the Plaintiffs to request documents related to any mortgages in effect when the underlying property was allegedly damaged from the mortgagor(s) no later than July 22, 2016.[12] The Court also required Plaintiffs' counsel to request that the mortgagor(s) provide responsive documents within fifteen (15) days of counsel's request. Plaintiffs' counsel was also ordered to advise counsel for Norbord as soon as practicable of any delays associated with attempting to obtain these records from the mortgagor(s).[13] The Court did not impose additional sanctions in light of the Plaintiffs' counsel's representation that his clients did not have documents responsive to the request as it related to mortgages in effect when the property was allegedly damages. Since the $2,500 discovery sanction imposed in the Court's June 15, 2016 Order had not yet been paid, however, the Court ordered Plaintiffs to pay the discovery sanction directly to counsel for Norbord no later than fourteen (14) days from the date of the July 18, 2016 Order.[14]

On July 29, 2016, Plaintiffs filed the instant Motion, seeking a reduction, modification, or waiver of the $2,500 discovery sanction imposed in the Court's June 15, 2016 Order.[15] Alternatively, Plaintiffs request a three hundred and sixty-five (365) day extension in which to pay the fine.[16] Plaintiffs assert that plaintiff Brent Honore was out of town for several days before the discovery sanction was imposed and did not have the opportunity to search for the requested

---

[10] R. Doc. 60.
[11] *Id.* at 1.
[12] *Id.*
[13] *Id.* at 2.
[14] *Id.*
[15] R. Doc. 61.
[16] *Id.*

3

documents.[17]  Plaintiffs also claim that paying the $2,500 discovery sanction would make it difficult for Honore to timely pay his employees.[18]

Norbord opposes the Motion, seeking to clarify the record regarding Plaintiffs' assertion that Honore did not have an opportunity to search for the requested documents because he was out of town for several days before the discovery sanction was imposed.[19]  Norbord claims Plaintiffs' assertion incorrectly implies that Honore had only recently learned that the documents had been requested.  Norbord points out, however, that the mortgage documents were initially requested in discovery propounded on the Plaintiffs dated November 10, 2015.  Norbord asserts that partial responses to the Interrogatories were received on December 17, 2015, and partial responses to the Requests for Production propounded upon Harvey Honore Construction Company, LLC were received on January 11, 2016.[20]  On January 14, 2016, Norbord claims it sent correspondence to counsel for Plaintiffs and that various documents were produced on January 22, 2016, but not all of the documents responded to the discovery requests.  Norbord asserts it advised counsel for the Plaintiffs of this fact in correspondence dated January 26, 2016.  Norbord asserts that a Rule 37.1 conference was held on February 11, 2016 and although full responses were not forthcoming at that time, counsel for the Plaintiffs advised that full responses would be produced within a week.  When the responses were not provided, Norbord filed a Motion to Compel on March 11, 2016, which ultimately resulted in the May 23, 2016 Order and the Court's imposition of the $2,500 discovery sanction on June 15, 2016 for failure to comply with the May 23, 2016 Order.

---

[17] R. Doc. 61-1.
[18] Plaintiffs submitted an affidavit from Brent Honore that states Honore and his wife "have been housing behavior disorder people, homeless veterans, re-entry, and single mothers with children since September 3, 2008" without receiving any city, state, or federal funds. (R. Doc. 61-2). It is unclear to the Court how the statements in the affidavit pertain to the discovery sanction imposed upon Plaintiffs in this matter.
[19] R. Doc. 65.
[20] *Id*. at 1-2.

## II. Law and Analysis

Fed.R.Civ.P. 37, which governs motion to compel discovery, provides in pertinent part:

**(a) Motion for an Order Compelling Disclosure or Discovery.**

(1) *In General*. On notice to other parties and all affected person, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(3) *Specific Motions*.

\*   \*   \*

(B)   *To Compel Discovery Response*. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

\*   \*   \*

(iii)   a party fails to answer an interrogatory submitted under Rule 33

\*   \*   \*

(4) *Evasive or Incomplete Disclosure, Answer, or Response*. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders*.
(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated them motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

  (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
  (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
  (iii)  other circumstances make an aware of expenses unjust.

      \*  \*  \*

 (C) *If the Motion Is Granted in Part and Denied in Part*. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion reasonable expenses for the motion.

(b) **Failure to Comply with a Court Order**.

      \*  \*  \*

 (2) *Sanctions South in the district Where the Action Is Pending*.
  (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.

      \*  \*  \*

  (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust.

On May 23, 2016, the Court granted Norbord's Motion to Compel and ordered the Plaintiffs to obtain tax return information from the IRS in response to Request for Production No. 26 and to supplement their responses to Request for Production Nos. 27, 28, 38, and 44 within fourteen (14) days.[21] It is important to note that the discovery requests had been outstanding for six (6) months by the time the hearing was held on Norbord's Motion to Compel and Norbord

---

[21] R. Doc. 53.

represented to this Court (and Plaintiffs' counsel did not deny) that complete responses had been promised but were never provided.[22] Still, at that point, the Court found that sanctions were not warranted, but clearly cautioned Plaintiffs: "While the Court will not impose sanctions against plaintiffs at this time, the Court warned plaintiffs' counsel that sanctions will be imposed if plaintiffs fail to comply with this Order."[23] The May 23, 2016 Order also provided: "**Sanctions will be imposed upon plaintiffs if they fail to comply with any provision of this Order within the time permitted**." (Emphasis in original)[24]

At the status conference in June 2016, the Court was advised as to the status of the Plaintiffs' compliance with the May 23, 2016 Order. By that time, Plaintiffs had submitted supplemental responses to most of the requests as previously ordered, but had still not produced copies of the leases and mortgages in effect at the time the alleged property damage occurred. There was no justification offered for the failure to produce this information at the hearing. That, coupled with the fact the Court had expressly warned Plaintiffs that sanctions would be imposed if they failed to comply with the May 23, 2016 Order resulted in the Court imposing a civil contempt penalty of $2,500 under Fed. R. Civ. P. 37(b)(2). The Court additionally gave Plaintiffs another fourteen days to respond to Request for Production Nos. 27 and 38 and again warned: "**Additional sanctions will be imposed upon plaintiffs if they fail to comply with any provision of this Order within the time permitted**." (Emphasis in original)

On July 18, 2016, the parties had another status conference. At that point, Plaintiffs still had not completed supplemental responses to Request for Production No. 38, which requested information about mortgages in effect at the time the property damage was allegedly sustained,

---

[22] R. Doc. 41-1 at 2.
[23] R. Doc. 53 at 3.
[24] *Id.* at 4.

7

however, based on Plaintiffs' counsel's representations that his clients had searched and did not have responsive documents, the Court did not impose any additional sanctions, but permitted Plaintiffs time to request those document directly from the mortgagor(s).  The Court did order the prior $2500.00 civil contempt penalty paid within fourteen days from the July 18, 2016 Order.[25]

At no time, including in this Motion have Plaintiffs explained their failure to comply with the Court's May 23, 2016 Order other than to say Mr. Honore was out of town for some period of time.  Nothing in Mr. Honore's affidavit or the arguments of counsel explain how that relieves Plaintiffs of their discovery obligations, nor does it explain the delay of more than seven (7) months to obtain the responses before any sanction was imposed.  Additionally, the statements that Mr. Honore was out of town and, therefore unable to provide requested information, were not offered at the June 15, 2016 hearing as justification for the failure to comply with the Court's May 23, 2016 Order.

### III.    Conclusion

The civil penalty awarded for Plaintiffs' failure to comply, first with their discovery obligations, and then with this Court's order compelling their compliance, was both appropriate under the circumstances and required under Fed. R. Civ. P. 37(b)(2).  In light of the representations made by Mr. Honore, which the Court reads as suggesting payment of the discovery sanction will work a hardship on at least one of the Plaintiffs, the Court will, however, grant an additional ninety (90) days from the date of this Order for Plaintiffs to pay the $2,500 discovery sanction to Norbord's counsel.

Accordingly,

---

[25] R. Doc. 60.

      **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Relief from Order is **GRANTED in part and DENIED in part.**[26]  The Motion is **DENIED** to the extent that Plaintiffs seek a reduction, modification, or waiver of the $2,500.00 discovery sanction imposed in this Court's June 25, 2016 Order.  The Motion is **GRANTED in part** to the extent that Plaintiffs shall pay the $2,500.00 discovery sanction imposed in this Court's June 25, 2016 Order directly to counsel for Norbord no later than ninety (90) days from the date of this Order.

      Signed in Baton Rouge, Louisiana, on August 5, 2016.

                                                   **ERIN WILDER-DOOMES**
                                                 **UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 61.