UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BURBANK LANDING**
**PROPERTIES, LLC, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-262-EWD**

**84 LUMBER,**
**INCORPORATED, ET AL.**                                      **CONSENT CASE**

## ORDER

Before the Court is an Ex Parte/Consent Motion for Leave to File Second Amended Complaint, filed by plaintiffs, Burbank Landing Properties, LLC, BRH New Communities Inc., Brent Honore, Rhonda Honore, Harvey Honore Construction Company, LLC, and BRH Consultants Incorporated. (R. Doc. 64). The purpose of the amendment is to name Zurich American Insurance Company as an additional defendant. Plaintiffs assert that all parties have been contacted and there is no opposition to Plaintiff filing the Second Amended Complaint. (*Id.* at 1).

This case was removed from state district court under 28 U.S.C. § 1332 based on complete diversity of citizenship of the parties. (R. Doc. 1 at ¶ 3). The Notice of Removal states:

> Plaintiffs Brent Honore and Rhonda Honore are residents of East Baton Rouge Parish, State of Louisiana. Plaintiff BRH New Communities, Inc. was and is incorporated in the State of Louisiana and has maintained its principal place of business in the State of Louisiana. Plaintiff Burbank Landing Properties, L.L.C. was formed under the laws of the State of Louisiana. On information and belief, its only member is Rhonda Honore, a citizen of the State of Louisiana. At all relevant times (including the filing of the Petition for Damages and at the time of removal), defendant 84 Lumber Company was and is a Pennsylvania Limited Partnership. None of its partners are citizens of Louisiana. At all relevant times (including the filing of the Petition for Damages and at the time of removal), defendant Norbord, Inc. was and is a Canadian company

> formed under the laws of Canada with its principal place of business located in Toronto, Ontario, Canada.

(R. Doc. 1 at 3) (internal citations omitted).

On October 21, 2015, Plaintiffs filed a First Amended Complaint, naming Harvey Honore Construction, LLC, and BRH Consultants, Incorporated as additional defendants. (R. Doc. 27). In the First Amended Complaint, Plaintiffs set forth the citizenship of the parties as follows:

> 5. Defendant, Norbord Inc. is a Canadian corporation with its principal place of business in Toronto, Canada.
> 6. Defendant, 84 Lumber Company, is a Pennsylvania limited partnership with its principal place of business in Pennsylvania.
> 7. Plaintiff, Burbank Landing Properties, LLC, is a Louisiana limited liability company and all of its members are Louisiana citizens.
> 8. Plaintiff, BRH New Communities Inc., is a Louisiana corporation with its principal place of business in East Baton Rouge Parish.
> 9. Plaintiff, Brent Honore, is a Louisiana citizen residing in East Baton Rouge Parish.
> 10. Plaintiff, Rhonda Honore, is a Louisiana citizen residing in East Baton Rouge Parish.
> 11. Plaintiff, Harvey Honore Construction Company, LLC, is a Louisiana limited liability company and all of its members are Louisiana citizens.
> 12. Plaintiff, BRH Consultants Incorporated, is a Louisiana corporation with its principal place of business in East Baton Rouge Parish.

(R. Doc. 27 at 2-3).

Proper information regarding the citizenship of all parties is necessary to establish the court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1447(e) when a plaintiff seeks to join an additional defendant after removal. The Plaintiffs are all alleged to be Louisiana citizens. The proposed Second Amended Complaint makes the following allegations regarding the citizenship of the parties:

> 5. Defendant, Norbord Inc. is a Canadian corporation with its principal place of business in Toronto, Canada.

> 6. Defendant, 84 Lumber Company, is a Pennsylvania limited partnership with its principal place of business in Pennsylvania.
> 7. Plaintiff, Burbank Landing Properties, LLC, is a Louisiana limited liability company and all of its members are Louisiana citizens.
> 8. Plaintiff, BRH New Communities Inc., is a Louisiana corporation with its principal place of business in East Baton Rouge Parish.
> 9. Plaintiff, Brent Honore, is a Louisiana citizen residing in East Baton Rouge Parish.
> 10. Plaintiff, Rhonda Honore, is a Louisiana citizen residing in East Baton Rouge Parish.
> 11. Plaintiff, Harvey Honore Construction Company, LLC, is a Louisiana limited liability company and all of its members are Louisiana citizens.
> 12. Plaintiff, BRH Consultants Incorporated, is a Louisiana corporation with its principal place of business in East Baton Rouge Parish.
> 13. Defendant, Zurich American Insurance Company, is an Illinois corporation with its principal place of business in Illinois.

(R. Doc. 64-2 at 2-3).

Citizenship has not been adequately alleged in the proposed Second Amended Complaint. While the citizenship of the individual plaintiffs, Brent and Rhonda Honore, and the corporate entities, BRH New Communities Inc. and BRH Consultants Incorporated, has been adequately alleged, the citizenship of the limited liability companies, Burbank Landing Properties, LLC and Harvey Honore Construction Company, LLC, has not been adequately alleged in the proposed Second Amended Complaint. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding*

3

*Ltd.*, 2007 WL 2848154 (M.D. La. Sept. 24, 2007) (when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

In addition, while the citizenship of the corporate defendants, Norbord Inc. and Zurich American Insurance Company, has been adequately alleged, the citizenship of 84 Lumber Company, a limited partnership, has not been adequately alleged in the proposed Second Amended Complaint. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Both the general partners and limited partners must be alleged to establish citizenship of a limited partnership." *Rios v. Mall of Louisiana*, 2014 WL 1239093, at *1 (M.D. La. Mar. 25, 2014); *See International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall file a Motion to Substitute the proposed Second Amended Complaint (R. Doc. 64-2) with a comprehensive proposed pleading that adequately alleges the citizenship of all parties no later than seven (7) days from the date of this Order. The Ex Parte/Consent Motion for Leave to File Second Amended Complaint (R. Doc. 64) shall be considered submitted at that time.

Signed in Baton Rouge, Louisiana, on September 19, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**