UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BURBANK LANDING PROPERTIES, LLC, ET AL.**

**VERSUS**

**84 LUMBER, INCORPORATED, ET AL.**

**CIVIL ACTION**

**NO. 15-262-EWD**

**CONSENT CASE**

## ORDER

Before the Court is an Ex Parte/Consent Motion for Leave to File Second Amended Complaint, filed by plaintiffs, Burbank Landing Properties, LLC, BRH New Communities Inc., Brent Honore, Rhonda Honore, Harvey Honore Construction Company, LLC, and BRH Consultants Incorporated. (R. Doc. 64). Plaintiffs assert that all parties have been contacted and there is no opposition to the Motion. (*Id*. at 1). Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). Defendants have not filed an opposition as of the date of this Order. The Motion is therefore unopposed.

Also before the Court is Plaintiffs' Motion for Leave to Substitute Second Amended Complaint, filed on September 21, 2016, which is similarly unopposed. (R. Doc. 78).

Plaintiffs filed the original Petition for Damages, Breach of Contract, False Advertisement, and Breach of Warranty in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana on February 23, 2015. (R. Doc. 1-2 at 6-14). Defendants removed the case to this Court on April 24, 2015, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). On October 19, 2015, Plaintiffs filed a Motion for Leave to File First Amended Complaint, seeking to name Harvey Honore Construction, LLC and BRH Consultants,

Incorporated as additional defendants.  (R. Doc. 19).  The motion was granted on October 21, 2015.  (R. Doc. 26).

On August 1, 2016, Plaintiffs filed the instant Ex Parte/Consent Motion for Leave to File Seconded Amended Complaint, seeking to add Zurich American Insurance Company as an additional defendant.  (R. Doc. 64).[1]  On August 25, 2016, this Court issued an Order requiring the Plaintiffs to file a motion to substitute the proposed Second Amended Complaint (R. Doc. 64-2) with a more comprehensive amended complaint.  (R. Doc. 70).  Plaintiffs subsequently filed a Motion for Leave to Substitute Second Amended Complaint on August 31, 2016 (R. Doc. 72), which the Court granted on September 1, 2016.  (R. Doc. 74).

On September 19, 2016, the Court issued another Order requiring Plaintiffs to file a motion to substitute the proposed Second Amended Complaint (R. Doc. 64-2) with a comprehensive proposed amended complaint that adequately alleges the citizenship of all parties.  (R. Doc. 76).  Defendants filed the instant Motion for Leave to Substitute Second Amended Complaint on September 21, 2016 in response to the Court's September 19, 2016 Order.  (R. Doc. 78).

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court liberally construes Rule 15(a) in favor of amendment.  *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend").  Although leave to amend should not be automatically granted, "A district court must possess a substantial reason to deny a request for leave to amend."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).  In determining

---

[1] The deadline to join other parties or to amend the pleadings was August 1, 2016.  (R. Doc. 57 at 1).

whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).

The Court has reviewed Plaintiffs' proposed Second Amended Complaint and there is no evidence that the amendment is sought in bad faith, would surprise or unfairly prejudice the Defendants, or would cause undue delay.  Furthermore, neither of the Defendants has filed an opposition to the Motion.  The Court also finds that the proposed Second Amended Complaint adequately alleges the citizenship of all parties in this case.

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Leave to Substitute Second Amended Complaint (R. Doc. 78) is **GRANTED** and R. Doc. 64-2 shall be replaced with R. Doc. 78-2.

**IT IS FURTHER ORDERED** that Plaintiffs' Ex Parte/Consent Motion for Leave to File Second Amended Complaint (R. Doc. 64) is **GRANTED.**  The Clerk's Office shall enter Plaintiffs' Second Amended Complaint (R. Doc. 78-2) into the record of this matter.

Signed in Baton Rouge, Louisiana, on October 4, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**